# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROOSEVELT M. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>MORGAN SCHMIDT, CHEF SPARROW, AIMEE WILSON, and CORY SONNTAG,<br><br>    Defendants. | Case No. 19-CV-117-JPS<br><br><br>**ORDER** |

  Plaintiff, who is incarcerated at Waupun Correctional Institution ("Waupun"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $6.79. 28 U.S.C. § 1915(b)(4).

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he has a medical condition that requires him to consume a low-soy diet. (Docket #1 at 2). He claims that his doctor ordered the low-soy diet on several occasions, including in October 2018. *Id.* Nevertheless, in early November 2018, two food service workers, Defendants Morgan Schmidt ("Schmidt") and Chef Sparrow ("Sparrow"), refused to provide Plaintiff with a special diet food tray containing low-soy food when he asked for one. *Id.* at 2–3. Plaintiff then complained to a correctional officer, Defendant Cory Sonntag ("Sonntag"), who said Plaintiff would eat what the kitchen staff gave him. *Id.* at 4. Plaintiff also alerted Defendant Amy Wilson ("Wilson"), a food service administrator, to the problem, and she refused to direct that Plaintiff receive a special low-soy food tray. *Id.* Plaintiff alleges that because he is not getting the kind of food he needs, he has suffered stomach pain, trouble swallowing, and constipation, and he has been coughing up blood. *Id.* at 5.

These allegations, standing alone, may be sufficient to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. But Plaintiff attached to his complaint exhibits that

show he cannot possibly succeed in proving his claim, and so it cannot proceed past screening. To succeed on a claim of deliberate indifference to his serious medical need, Plaintiff must show: (1) an objectively serious medical condition; (2) that the defendant knew of the condition and was deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

Even assuming that Plaintiff has sufficiently alleged a serious medical condition, his pleading demonstrates that he cannot prove the defendants acted with deliberate indifference in treating or responding to it. Specifically, Plaintiff's exhibits show that after he alerted prison officials to his desire for a low-soy diet, his request was sent to the Department of Corrections' ("DOC") dietician in Madison for review, and the dietician informed Waupun officials that the general meal plan at Waupun, which does not contain added soy, is sufficient to accommodate a low-soy diet. (Docket #1-3 at 3–7). It appears Plaintiff was not satisfied with that answer, because he wants particular food items, including certain kinds of chicken, ground beef, and tuna. *Id.* at 5. But Plaintiff was told many times, including by Defendants Schmidt and Wilson, that the DOC dietician had approved the general menu for Plaintiff's low-soy diet requirement. *Id.* at 4–7. In other words, Plaintiff affirmatively alleges, by including exhibits to his complaint, that Schmidt and Wilson were made aware of Plaintiff's medical

condition and took steps to ensure it was accommodated. As to Defendants Sparrow and Sonntag, to the extent they had any involvement in deciding what kind of food tray Plaintiff received, they were entitled to rely on the DOC dietician's recommendation, which had already been communicated to Wilson, the administrator of food service at the prison. Whether the DOC dietician's conclusion is correct is not relevant; the point is that Waupun officials took steps to ensure that Plaintiff was receiving the food his condition requires. Plaintiff's disagreement with the conclusion changes nothing about the deliberate indifference analysis.

The standard for a claim of deliberate indifference is exceedingly high. With regard to the subjective element, "[e]ven if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted." *Gayton*, 593 F.3d at 620. Evidence that the defendant "acted negligently is insufficient to prove deliberate indifference." *Id.* Rather, "deliberate indifference is simply a synonym for intentional or reckless conduct, and that reckless describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Id.*

Plaintiff's allegations demonstrate that the Defendants acted reasonably in response to Plaintiff's medical issue requiring low soy intake by investigating whether the prison's meal plan was sufficient to accommodate Plaintiff's needs. Plaintiff cannot succeed in proving that Defendants acted with deliberate indifference. His complaint will be dismissed with prejudice for failure to state a claim.

Finally, the Court will also deny Plaintiff's motion to amend his complaint. (Docket #14). In that motion, Plaintiff asks to add a claim to this action against Karen Streekstra ("Streekstra"), a chef at Waupun, for

retaliation. (Docket #14-1 at 2). Plaintiff claims that in August 2019, Streekstra made Plaintiff perform a job that is not his assigned job and issued him a conduct report, all in retaliation for Plaintiff having filed a lawsuit against her friends in the Waupun food service department. *Id.* Even if this case were to continue, the Court would not allow Plaintiff to amend his complaint to add this unrelated claim. Under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Plaintiff's proposed claim against Streekstra violates this rule and will not be permitted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (Docket #14) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $343.21 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge